WEST INDIA OIL COMPANY, Plaintiff and Appellee, v. MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 6708. Argued March 24, 1936.—Decided April 17, 1936.

784

*B. Fernández García, Attorney General (Benjamin J. Horton* on the brief), and *R. Cordovés Arana, Assistant Attorney General,* for appellant. *R. Castro Fernández* and *José López Baralt* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On September 30, 1930, the Government of Puerto Rico, through its Bureau of Supplies, Printing, and Transportation, held a public auction for the purchase of 899,925 gallons of asphalt. The West India Oil Company, a corporation, submitted a bid for furnishing the Government with the required amount of asphalt, at the price of $0.0920 per gallon delivered in the ports of San Juan or Ponce, and at the price of $0.0895 if delivery was to be made in any other port of the Island.

After said bid had been accepted, the plaintiff herein delivered to the Government 871,539 gallons of asphalt for a total price of $79,265.32.

On October 30, 1930, the plaintiff and appellee paid to the Government of Puerto Rico the excise tax of one per cent on the total price of the delivered asphalt, levied by the Treasurer of Puerto Rico in accordance with the provisions

of subdivision 5, section 16 of Act 85 of 1925 (Session Laws, page 584), as amended by Act No. 17 of 1927 (Session Laws, p. 458). That section provides that any person obtaining contracts for the supply of any material, entered into with the Insular Government or with any of its dependencies, shall pay an excise tax amounting to one per cent of the amount of the contract.

On April 12, 1932, the Treasurer of Puerto Rico requested the plaintiff corporation to pay to the Government the sum of $1,585.11 as a sales tax of 2 per cent on the price of the asphalt delivered to the Government, stating that such a tax of 2 per cent was authorized by the provisions of section 62 of the above-cited Act No. 85 of 1925, as amended by Act No. 17 of June 3, 1927. The plaintiff paid under protest, to the Treasurer of Puerto Rico, the sum of $1,585.11 as a tax of 2 per cent on the sale of the asphalt, together with $398.04 for charges and interest on the amount of said tax, and $150, the total of six administrative fines of $25 each, imposed by the Treasurer as a penalty for failure to pay the tax before April 21, 1932.

The plaintiff-appellee by the present action seeks to recover the sum which it paid under protest, amounting to $2,133.15. It alleges that the imposition and collection of a tax of 2 per cent on the price of the asphalt sold to the Insular Government is illegal, because there are involved a sale of materials for the use of that Government, and also a contract entered into with a department of the Insular Government for the supply of materials and, as such, expressly subject to a tax of 1 per cent under subdivision 5, section 16, of Act No. 85 of 1925 as amended by Act No. 17 of June 3, 1927, and hence expressly excluded by the provisions of section 62 of the same act.

Both parties have admitted as a fact that no sum whatsoever was added to the price fixed and collected by the plaintiff for the asphalt delivered to the Government as a tax of 2 per cent on the amount of the sale.

The Treasurer of Puerto Rico asserts the legality of the collections made by him from the plaintiff, and says that section 16 of the Internal Revenue Law of Puerto Rico, as amended by Act No. 17 of June 3, 1927, does not lay a tax on the sale, use, or consumption of asphalt in Puerto Rico; that the imposition on the plaintiff of the 2 per cent tax laid on the sale of said asphalt does not violate the provisions of section 62 of that act; that the excise of one per cent fixed by subtitle "Other Excises," subdivision 5 of section 16 of the cited act, is laid on the plaintiff's obtention of the contract to supply the asphalt to the Government, and not on the sale of said asphalt; and, finally, that the payment of the excise tax of 1 per cent does not relieve the plaintiff from the payment of the 2 per cent tax on the sale of the asphalt, because the prohibition set forth in section 62 refers only to articles that are not taxed by section 16, and does not include the sale of asphalt which is not subject to an excise tax by any of the provisions of said section 16.

The defendant took an appeal to this court from the judgment rendered by the lower court ordering the return of the sums claimed.

The provisions of the "Internal Revenue Law of Puerto Rico" (Act No. 85 of 1925, as amended by Act No. 17 of 1927), which are involved in this controversy, textually read as follows:

"Section 16.—There shall be collected and paid, once only, an internal-revenue tax on each of the following articles:

"OTHER EXCISES

"5. *Contracts.*—Any person obtaining contracts for the supply of any material, . . . . entered into with a Department of the Insular government, . . . . or with any organization dependent on the Insular government, . . . . shall pay an excise tax amounting to one (1) per cent of the amount of the contract: . . .

"Section 62.—There shall be levied and collected, once only, on the sale of any articles the object of commerce, not taxed under Section 16 of this Act or exempted from taxation as provided in

Section 83 of the same, and at the time of sale in Porto Rico, a tax of two (2) per cent on the price or value of the daily sales of such articles, whether such sales are for cash or on credit, which tax shall be paid at the end of each month by the person making such sale."

The contract made between the West India Oil Company and the Bureau of Supplies, Printing, and Transportation, which is an organization dependent on the Insular Government, was a contract of purchase and sale whereby the aforecited corporation agreed to deliver a certain quantity of asphalt and the Government agreed to pay the stipulated price for each gallon of asphalt so delivered. We have no doubts that the said contract falls wholly within the provisions of section 16 (subdivision 5) of the Internal Revenue Law, and that the seller corporation was bound to pay the excise tax of 1 per cent on the *ad valorem* amount of the contract.

We can not accept as valid the contention of the appellant Treasurer. He argues that the excise tax of 1 per cent levied by said section 16, is a tax on the privilege of contracting with the Government. The text of said section is so clear that we can not construe it in a manner evidently contrary to the intention of the lawmaker. The fact that the excise tax is levied on "any person obtaining contracts for the supply of any material" to the Government is insufficient to support the contention of the appellant since the legal effect of the language quoted is to impose an excise tax on the contract of sale of materials, and the obligation on the seller to pay such tax. After all, who is a seller but a person who has obtained a contract to supply or deliver a certain thing to another person?

We would be inclined to accept the theory of the defendant if the excise tax levied by section 16 were a fixed and uniform amount, the same for all contracts to supply the Government, without taking into consideration the price of the articles or materials the object of the contract. The legal provision we are discussing lays an excise tax of 1

per cent on the *ad valorem* amount of the contract, that is, on the price or value of the materials sold or supplied to the Government. We are dealing, indisputably, with an excise tax on the sale of materials, among which asphalt is included, which is an article that is the object of commerce.

The premise that the tax of one per cent paid by the plaintiff corporation is an excise tax on the sale of materials to the Government in accordance with section 16, *supra,* having been established, the conclusion is unavoidable that the Treasurer of Puerto Rico is not legally authorized to impose on that very sale, the tax of 2 per cent prescribed in section 62, *supra,* for said section specifically provides that the tax shall be levied and collected, once only, on the sale of any articles which are the object of commerce, not taxed under section 16 of this act.

In order to uphold the contention that the Treasurer of Puerto Rico is empowered to collect both excise taxes from the plaintiff, that is, 1 per cent on the amount of the contract, in accordance with section 16, *supra,* and 2 per cent on the price or value of the sale of the asphalt, in accordance with section 62, *supra,* we would have to admit that the intention of the Legislature was to lay a double tax on the same taxable object, that is, on a sale by any person of any materials and articles of commerce where the Insular Government or any dependency thereof were the purchaser. We can not admit that that was the intention of the lawmaker, for the clear and precise language of the legal provision we are discussing leads us to a contrary conclusion. See *People v. Irizarry,* 46 P.R.R. 867.

In the brief filed by the appellee we find sufficient authorities to support our view to the effect that the Treasurer of Puerto Rico acted without legal authority in demanding from the plaintiff the payment of the 2 per cent tax on the value or price of the asphalt.

An annotation in 60 L.R.A. 366 reads as follows:

"In the cases of alleged duplicate taxation there is always the preliminary question: Is the tax now disputed really double? Of course, if it is not; *if it rests upon different subjects although the same taxpayer must pay it;* or, if it rests upon different taxpayers although a burden upon the same property; *or, if it is laid by different governments,*—then, it does not violate the constitutional rule of equality and uniformity of taxation. . . .

"*Taxation is not double unless it bears upon the same property within the same jurisdiction.*" (Italics ours.)

The interpretation given by the Treasurer of Puerto Rico to the Internal Revenue Law in the case at bar, is contrary to the rule we have just transcribed, as both taxes bear upon the same object—the price or value of the asphalt sold to the Government—they must be borne by the same taxpayer— the plaintiff—and are levied, not by different governments, but by the same government.

In the case of *People* v. *Dávila,* 47 P.R.R. 337, this Supreme Court held:

"The general rule is that for a double tax to exist, both taxes must be of the same nature and must fall on the same thing. . . ."

We are of opinion that the clear and evident intention of the Legislature was to levy on sales of materials to the Government, only a tax of one per cent on the amount of the contract of sale, in accordance with section 16 of the Internal Revenue Law; and that the collection of a tax of 2 per cent under section 62 of that same law, on the price or value of the same sale, is contrary to the law.

The judgment appealed from should be affirmed, but modified in the sense that the amount of $2,133.15, the return of which is ordered, should draw legal interest only from April 19, 1933, the date on which the complaint was filed, in accordance with the provisions of Act No. 8 of April 19, 1927.